UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIM SMITH,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ROSEBURG FOREST PRODUCTS CO.,<br><br>　　　　　Defendant. | No. 2:22-cv-01763-TLN-DMC |
| NICHOLE HAMMOND, et al.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>ROSEBURG FOREST PRODUCTS CO.,<br><br>　　　　　Defendant. | No. 2:22-cv-01767-DAD-DMC<br><br>**RELATED CASE ORDER** |

　　　　Defendant filed a Notice of Related Cases on October 7, 2022.  Examination of the above-captioned actions reveals they are related within the meaning of Local Rule 123 (E.D. Cal. 1997). Pursuant to Rule 123 of the Local Rules of the United States District Court for the Eastern District of California, two actions are related when they involve the same parties and are based on the same or similar claim(s); when they involve the same transaction, property, or event; or when

they "involve similar questions of fact and the same question of law and their assignment to the same Judge . . . is likely to effect a substantial savings of judicial effort." L.R. 123(a).  Further,

> [i]f the Judge to whom the action with the lower or lowest number has been assigned determines that assignment of the actions to a single Judge is likely to effect a savings of judicial effort or other economies, that Judge is authorized to enter an order reassigning all higher numbered related actions to himself or herself.

L.R. 123(c).

The instant actions are related because they involve the same Defendant, the same event, and similar questions of fact and law.  Like Plaintiff in *Smith*, the plaintiffs in *Hammond* allege that Roseburg negligently operated and maintained its facility in Weed, California resulting in the September 2, 2022 Mill Fire.  Plaintiffs in both actions raise the same or similar causes of action and seek monetary damages for injuries sustained caused by the Mill Fire.  Consequently, assignment to the same judge would "effect a substantial savings of judicial effort." L.R. 123(a), *see also* L.R. 123(c).

Relating the cases under Local Rule 123, however, merely has the result that both actions are assigned to the same judge, it does not consolidate the actions.  Under the regular practice of this Court, related cases are generally assigned to the judge and magistrate judge to whom the first filed action was assigned.  Should either party wish to consolidate the actions, the appropriate motion or stipulation must be filed.

IT IS THEREFORE ORDERED that the action denominated 2:22-cv-01767-DAD-DMC is reassigned to District Judge Troy L. Nunley and Magistrate Judge Dennis M. Cota, and the caption shall read 2:22-cv-01767-TLN-DMC.  Any dates currently set in 2:22-cv-01767-DAD-DMC are hereby VACATED.  The Clerk of the Court is to issue the Initial Pretrial Scheduling Order.

IT IS SO ORDERED.

**DATED:  October 31, 2022**

Troy L. Nunley
United States District Judge